**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**-vs-**                                                    **Case No.  6:11-cv-689-Orl-28GJK**

**MICHAEL E. MURRAY and LINDA S.**
**MURRAY,**

**Defendants.**
_____

# ORDER

The United States filed this action for the collection of unpaid federal income tax, penalties, and interest assessed against Defendants.  Defendants (pro se) assert that this case is time-barred by the applicable statutes of limitations set forth in 26 U.S.C. §§ 6501(a) & 6502(a)(1).  This case is now before the Court on the United States's Motion for Summary Judgment (Doc. 20), Defendants' Response (Doc. 23), Defendants' Cross-Motion for Summary Judgment (Doc. 24), and the United States's Reply to Defendants' Response and Response to Defendants' Cross-Motion for Summary Judgment (Doc. 25).  As discussed below, the United States's motion shall be granted and the Defendants' motion shall be denied.

**I.  Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In ruling on a motion for summary judgment, the Court construes the

facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). However, when faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." Gargiulo v. G.M. Sales, Inc., 131 F.3d 995, 999 (11th Cir. 1997).

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative."  Sawyer v. Southwest Airlines Co., 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986)).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.  "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so onesided that one party must prevail as a matter of law.'" Sawyer, 243 F. Supp. 2d at 1263 (quoting Anderson, 477 U.S. at 251-52).

**I.  Background**

On September 26, 1995, Defendants filed a joint federal income tax return for the 1993 tax year, reporting that they owed no taxes.  (Lawson Decl., Doc. 20-1, ¶ 2; I.R.S.

Certificate of Assessments & Payments, Doc. 20-2, at 2).[1]   The IRS then examined Defendants' tax return, determined that there was a deficiency, and sent notice to Defendants regarding this deficiency. (Lawson Decl. ¶ 3).  Thereafter, on January 26, 1998, Defendants filed a Petition with the U.S. Tax Court, challenging the deficiency determination and arguing, inter alia, that Defendants were entitled to a deduction for a loss purportedly attributable to worthless stock.  (U.S. Tax Ct. Pet., Doc. 25-1, at 1, 2; see also Tax Ct. Mem. Op., Doc. 26-2, at 2).  The Tax Court determined that Defendants were not entitled to such deductions, (Tax Ct. Mem. Op. at 4), and issued its final Decision on September 28, 2000, holding that Defendants owed $889,520 in income tax; $222,380 for failing to timely file the 1993 tax return pursuant to 26 U.S.C. § 6651(a)(1); and $177,904 as a penalty for Defendants' underpayment of taxes for the 1993 tax year pursuant to 26 U.S.C. § 6662. (Tax Ct. Decision, Doc. 20-4).  In accordance with the Tax Court's decision, on April 27, 2001, a delegate of the Secretary of the Treasury assessed income tax, penalties, and interest against Defendants.  (Lawson Decl. ¶ 4).  The United States filed this suit on April 26, 2011.  (Compl., Doc. 1).

### III.  Analysis

Defendants do not challenge the amount of the assessment or the Tax Court's Decision.  Rather, Defendants assert that both the assessment and the filing of this suit are barred by the applicable statutes of limitations.  Defendants' argument, however, is based

---

[1] Citations to page numbers of the Certificate of Assessments & Payments are to the electronic filing page numbers.

on a flawed interpretation of those statutes; neither the relevant assessment nor the filing of this action is time-barred.

### A.  Timeliness of the Assessment

The Internal Revenue Code ("I.R.C.") provides that "the amount of any tax imposed by [the I.R.C.] shall be assessed within 3 years after the return was filed" and defines "return" as "the return required to be filed by the taxpayer."  26 U.S.C. § 6501(a).  It is undisputed that Defendants filed their return on September 26, 1995; thus, the United States had until September 26, 1998 to complete its assessment.  When a taxpayer challenges a deficiency determination in the Tax Court, however, the limitations period is "suspended" from the time that the case "is placed on the docket of the Tax Court[] until the decision of the Tax Court becomes final[] and for 60 days thereafter."  26 U.S.C. § 6503(a)(1).  Therefore, when Defendants filed their petition challenging the deficiency determination on January 26, 1998, the limitations period was suspended.  At that time, there were eight months remaining in the three-year limitations period.

The Tax Court decision became final on September 28, 2000.  As required by § 6503(a)(1), the limitations period did not begin to run again until November 27, 2000–sixty days after the Tax Court decision became final.  Thus, the eight months remaining in the limitations period began to run again on that date and would have expired on July 27, 2001. The assessment that the United States is seeking to collect in this action was issued on April 27, 2001–three months prior to the expiration of the limitations period.  Accordingly, the April 27 assessment was timely.

### B.  Timeliness of This Suit

Once an assessment has been timely made, "such tax may be collected . . . by a proceeding in court, but only if . . . the proceeding [is] begun . . . within 10 years after the assessment of the tax." 26 U.S.C. § 6502(a)(1).  Accordingly, the United States had until April 27, 2011 to bring an action to collect the April 27, 2001 assessment.  This case was filed on April 26, 2011–one day before the ten-year limitations period expired.  Although the United States waited until the eleventh hour to file this suit, this case was, nevertheless, timely-filed.

Defendants' arguments to the contrary are misplaced.  Defendants first argue that the assessment that the United States is seeking to collect in this case was made on March 2, 1998, and that therefore the filing of this case was well beyond the ten-year limitations period.  In support, Defendants cite Certificate of Assessments & Payments, which has an entry for "additional tax assessed by examination" on March 2, 1998.  (Doc. 20-2 at 2). Defendants also assert that an assessment must have been made prior to the Tax Court proceeding because otherwise the Tax Court would have had nothing to review.

Even reading this evidence in the light most favorable to the Defendants, this action is not time-barred.  Under the "payment [or] credit" column next to the March 2, 1998 entry, the amount is listed as "0.00," (id.), while later entries–dated April 27, 2001–reflect assessments made for the amounts that the United States is seeking to collect in this case, (id. at 1-2).  The United States may have made some sort of initial assessment on March 2, 1998, but the record evidence reflects that the assessment that it is seeking to collect in this case was made on April 27, 2001, (id.; Lawson Decl. ¶ 4), and Defendants have not presented any contradictory evidence.  Furthermore, the Tax Court record reflects that it was

reviewing the deficiency determination–not an assessment.  (See U.S. Tax Ct. Pet.; Tax Ct. Mem. Op.).

Defendants also argue that the United States could indefinitely expand the ten-year limitations period by delaying the making of an assessment.  This argument is refuted by the statute of limitations discussed in the previous section, which requires that assessments be made within three years of the filing of a return.

Next, Defendants argue that the United States only had ten years and sixty days from the final decision of the Tax Court to bring this case.  Again, Defendants' argument is premised on a misinterpretation of the applicable statute of limitations.  As explained above, the ten-year limitations period begins to run from the date of the assessment–not the date of the Tax Court decision.  The date of the Tax Court decision and the sixty-day grace period are relevant only to the tolling of the three-year statute of limitations for making an assessment and have nothing to do with the limitations period for bringing an action to collect a timely-made assessment.

Finally, Defendants claim that they have requested additional documents from the United States that they believe will support their position.  The discovery deadline has passed, however, and Defendants have provided no additional evidence to support their arguments.

## IV.  Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1.  The Motion for Summary Judgment (Doc. 20) filed by the United States is **GRANTED**;

2.   The Cross-Motion for Summary Judgment (Doc. 24) filed by Defendants is **DENIED**; and

3.   The United States shall submit an updated calculation of the interest due on the amount owed by Defendants, accurate as of the date of submission, **at or before noon on Thursday, June 14, 2012.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 7th day of June, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party